■ In the Matter of the Claim of RICHARD ADAMS, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 10, 1980, disqualifying claimant from receiving benefits effective July 31, 1979 for misconduct. Claimant was employed as a laborer for a construction company from April, 1979 to July 30, 1979. He was asked by the job superintendent, Thomas Trathen, whether he had witnessed the accident of one Joseph Trathen, an employee at the site and the superintendent's son. Claimant said that he did. Thereafter, the superintendent, his sons, Joseph and John, and claimant were all terminated. The board concluded that claimant was fired for making a false report in conjunction with Joseph Trathen's workers' compensation claim in that he told the superintendent on the job that he had witnessed Joseph's accident whereas he had had his back turned at the time of its happening and merely heard Joseph's outcry. The board held that he was disqualified for misconduct in connection with his employment. The decision is based on untenable grounds. Claimant said he believed he was a witness to the accident in that he was present in the excavation hole when his co-worker fell and he heard him cry out. Semantics aside, it is certainly not unreasonable for the average person to conclude that witnessing an accident can occur by use of senses other than sight. A witness is a person able to give evidence. Claimant certainly falls within that category. His conclusion that he was a witness is supported not only by the record but is otherwise, reasonably justified. His actions do not constitute misconduct as they were not proven to be fraudulent or in derogation of the interests of the employer. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Mikoll, Casey and Herlihy, JJ., concur.